UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

- - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA

        -v.-                :

PHIL WONG and
JERRY STEFANIUK,

             Defendants.   :

08 CRIM

Criminal No. 07-611(DMC)

18 U.S.C. §§ 371 & 2
15 U.S.C. §§ 78j(b) and
78ff
17 C.F.R. § 240.10b-5

I N D I C T M E N T

- - - - - - - - - - - - - - - -x

### COUNT ONE
### (Conspiracy to Commit Securities Fraud)

The Grand Jury in and for the District of New Jersey,

sitting in Newark, charges:

### Relevant Entities and Individuals

1.    At all times relevant to this Indictment,

Secureware, Inc. ("Secureware") was a Nevada corporation that,

operating under the name "Money House Financial Services, Inc.,"

provided short term, small loans to consumers. Secureware's

common stock was publicly-traded on the over-the-counter, "Pink

Sheets" market, an electronic, screen-based market for

securities. Secureware's common stock traded under the symbol

"SECW."

2.    At all times relevant to this Indictment,

defendant PHIL WONG was a stock promoter who purported to be a

major shareholder in Secureware.

3.    At all times relevant to this Indictment,

Case 2:09-cr-00901-DMC   Document 1   Filed 07/23/2007   Page 2 of 10

defendant JERRY STEFANIUK, was a stock broker at Golden Capital Securities Ltd., a firm located in Vancouver, British Columbia, Canada.

### The Scheme To Defraud

4.   From in or about June 2002 through on or about August 1, 2002, defendants PHIL WONG and JERRY STEFANIUK schemed to manipulate the market for Secureware's common stock by artificially inflating the demand for and price of that stock, in order to allow WONG to sell his Secureware stock holdings at a profit.  WONG and STEFANIUK planned to do so by paying secret bribes to stock brokers to cause their customers to purchase Secureware's stock.

5.   In furtherance of the scheme, from in or about June 2002 through on or about August 1, 2002, defendants WONG and STEFANIUK had numerous discussions with a confidential informant (the "CI") working at the direction of the Federal Bureau of Investigation (the "FBI"), who purported to know stock brokers who would sell Secureware stock to their customers in return for secret, undisclosed bribes that would be paid by defendant WONG. According to the plan, when the brokers purchased Secureware stock on behalf of their clients, these orders would be "filled" using sales of Secureware shares from an account controlled by defendant WONG, and defendant WONG would in turn pay the CI 50 percent of the proceeds of such sales, who would in turn pay the brokers 25 percent of the proceeds of such sales.  In order to

2

insure that defendant WONG paid the 50 percent owed to the CI following the purchases, defendant STEFANIUK agreed to accompany defendant WONG to the bank to ascertain that the funds owed to the CI were in fact wire transferred to the CI.

6.    Pursuant to the scheme, on or about July 11, 2002, in a recorded phone call, the CI informed defendant WONG that the brokers were "ready to go," and "we can definitely, guaranteed start doing trades tomorrow morning."  The CI told WONG that the brokers "haven't been paid from commissions, and they want to get paid . . . in cash," to which WONG responded, "Right."

7.    On or about July 12, 2002, using an undercover brokerage account at a firm in Jersey City, New Jersey (the "Undercover Account"), that was purported to be utilized by a corrupt stock broker, approximately 25,000 shares of Secureware stock was purchased at a price of approximately $0.40 per share, for a total cost of approximately $10,000, not including commissions and fees.

8.    On or about July 12, 2002, after the FBI purchased shares of Secureware stock using the Undercover Account, defendant WONG left a voicemail message for the CI saying, in substance, that WONG was aware that orders to purchase Secureware stock had been placed by a firm in New Jersey, and that WONG had attempted to cause those orders to be filled by selling Secureware stock that he controlled.  Specifically, defendant WONG stated that orders for approximately 13,000 shares, at a

price of $0.40 per share, had come in from a firm out of New Jersey. WONG stated that "we got at least eight of that. We might have lost five." WONG said, "So far, we've got eight confirmed." WONG said that he was not sure where the rest of the orders were, and encouraged the CI to follow up.

9.    On or about July 17, 2002, in a recorded phone call, defendant STEFANIUK told the CI that defendant WONG had been trying to get the CI on the phone because they had some money to give the CI.

10.    On or about July 17, 2002, in a recorded phone call, the CI told defendant WONG that the CI would fax wiring instructions to WONG the next day, and WONG told the CI that he had received the proceeds from the purchase of approximately 18,000 shares by the CI's stock brokers.

11.    Subsequently, pursuant to the scheme, on or about July 26, 2002, defendant WONG wire transferred approximately $4,200 from an account in the name of "Phil Wong" at Canadian Imperial Bank of Commerce in Canada, to a brokerage account in the United States in the name of the CI, as payment to the CI and the stock brokers for the July 12th stock purchases.

## STATUTORY ALLEGATIONS

### The Conspiracy

12.    From in or about June 2002 through on or about August 1, 2002, in the District of New Jersey and elsewhere, defendants PHIL WONG and JERRY STEFANIUK, did knowingly and

willfully conspire and agree with each other and others to commit
an offense against the United States, namely, by the use of the
means and instrumentalities of interstate commerce, the mails,
and the facilities of national securities exchanges, directly and
indirectly, to use and employ, in connection with the purchase
and sale of Secureware common stock, manipulative and deceptive
devices and contrivances, in violation of Title 17, Code of
Federal Regulations, Section 240.10b-5, by: (a) employing
devices, schemes, and artifices to defraud; (b) making untrue
statements of material fact and omitting to state material facts
necessary in order to make the statements made, in light of the
circumstances under which they were made, not misleading; and (c)
engaging in acts, practices, and courses of business which
operated and would operate as a fraud and deceit upon other
persons, all contrary to Title 15, United States Code, Sections
78j(b) and 78ff.

### Object of the Conspiracy

13.    It was an object of the conspiracy for defendant
PHIL WONG, defendant JERRY STEFANIUK, and others to obtain money
from the sales of Secureware's common stock induced by the
conspirators' offer to pay bribes to stockbrokers who sold
Secureware common stock to members of the investing public.

## Means and Methods of the Conspiracy

14. Among the means and methods by which defendants PHIL WONG and JERRY STEFANIUK and their co-conspirators would and did carry out the conspiracy were the following:

a. Defendants WONG and STEFANIUK agreed to pay secret bribes to brokers in order to induce them to cause their retail customers to purchase and hold Secureware's stock.

b. Defendants WONG and STEFANIUK used interstate wires and facilities of interstate and foreign commerce in furtherance of the objects of the conspiracy.

## Overt Acts

15. In furtherance of the conspiracy and to effect its unlawful object, defendants PHIL WONG and JERRY STEFANIUK and others committed and caused to be committed the following overt acts, among others, in the District of New Jersey and elsewhere:

a. On or about June 5, 2002, in a recorded call, the CI and defendant WONG agreed that they would split the proceeds of stock sales 50-50, and that the CI would give 25 percent to the brokers.

b. On or about June 19, 2002, in a recorded call, defendant STEFANIUK told the CI that after defendant WONG sold stock from his account, STEFANIUK would walk with WONG to the bank, and wire the funds to the CI.

c. On or about June 26, 2002, in a recorded call, defendant STEFANIUK told the CI he planned to go with defendant

WONG to wire the proceeds of the stock sales back to the CI.

       d. On or about July 11, 2002, in a recorded call, the CI told defendant WONG that the stock brokers had not been earning commissions for stock sales, so they wanted to get paid in cash.

       e. On or about July 12, 2002, after the FBI purchased shares of Secureware stock using an undercover brokerage account, defendant WONG left a voicemail message for the CI saying that orders for approximately 13,000 shares, at a price of $0.40 per share, had come in from a firm out of New Jersey.

       f. On or about July 17, 2002, in a recorded call, defendant STEFANIUK told the CI that they had some money to pay the CI.

       g. On or about July 17, 2002, in a recorded call, defendant WONG told the CI that he had received the proceeds from the purchase of approximately 18,000 shares by the CI's brokers.

       h. On or about July 26, 2002, approximately $4,200 was wire transferred from a bank account in Canada in the name of "Phil Wong" to the CI's brokerage account in the United States.

       All in violation of Title 18, United States Code, Section 371.

## COUNT TWO

(Securities Fraud)

16.    The allegations set forth in paragraphs 1
through 11 and 13 through 15 of this Indictment are repeated and
realleged as if set forth fully herein.

17.    From in or about June 2002 through on or about
August 1, 2002, in the District of New Jersey and elsewhere,
defendants PHIL WONG and JERRY STEFANIUK and others knowingly and
wilfully, by the use of the means and instrumentalities of
interstate commerce, the mails, and the facilities of national
securities exchanges, directly and indirectly, in connection with
the purchase and sale of Secureware common stock, did use and
employ manipulative and deceptive devices and contrivances, in
violation of Title 17, Code of Federal Regulations, Section
240.10b-5, by: (a) employing devices, schemes, and artifices to
defraud; (b) making untrue statements of material fact and
omitting to state material facts necessary in order to make the
statements made, in light of the circumstances under which they
were made, not misleading; and (c) engaging in acts, practices,
and courses of business which operated and would operate as a
fraud and deceit upon other persons.

In violation of Title 15, United States Code, Sections 78j(b) and 78ff; Title 17, Code of Federal Regulations, Section 240.10b-5; Title 18 United States Code, Section 2.

A TRUE BILL

CHRISTOPHER J. CHRISTIE
United States Attorney

CASE NUMBER :

# United States District Court
## District of New Jersey

UNITED STATES OF AMERICA

v.

PHIL WONG and JERRY STEFANIUK

# INDICTMENT FOR

Conspiracy to commit securities fraud.

18 U.S.C. § 371; 15 U.S.C. § 78j(b) and 78ff;
17 C.F.R. § 240.10b-5; 18 U.S.C. § 2

A True Bill,

CHRISTOPHER J. CHRISTIE
*U.S. ATTORNEY*
*NEWARK, NEW JERSEY*

STEVEN FELDMAN
*SPECIAL ASSISTANT U.S. ATTORNEY*
(212) 637-2484

USA-48AD 8
(Ed. 1/97)

In the United States District Court

for the _____ District of *New Jersey*

United States of America

v.

Phil Wong

Criminal No. 07-611 (DMC)

Consent to Transfer of Case

for Plea and Sentence

(*Under Rule 20*)

I, PHIL WONG _____, defendant, have been informed that a indictment (*indictment,*

*information, complaint*) is pending against me in the above designated cause. I wish to plead guilty

(*guilty, nolo contendre*) to the offense charged, to consent to the disposition of the case in the Southern

District of New York in which I am held _____ (*am under arrest, am held*) and to waive

trial in the above captioned District.

Dated: May 9, 2008 , 19 ___ at _____

_____
(*Defendant*)

_____
(*Witness*)

_____
(*Counsel for Defendant*)

Approved

Christopher J. Christie by SDO. Feld    Michael J. Garcia by Steve O. Feld
United States Attorney for the          United States Attorney for the
                                        Southern
_____ District of            _____ District of
New Jersey                              New York

**U.S. Department of Justice**

Rule 20 -- Transfer Notice

| To:<br>U.S. District Court | District<br>S.D. N.Y. | Date<br>05/12/2008 |
|---|---|---|
| Name of Subject:<br>Philip Wong | Statute Violated<br>15 USC §§ 78j(b) & 78ff | File Data (Initials and Number)<br>07 Cr. 611 (DMC) |

**Part A -- District of Arrest**

☒ The above-named subject has been apprehended in this jurisdiction and indicates amenability to Rule 20 disposition of the changes pending against him in your court. Kindly indicate whether you are agreeable to Rule 20 disposition and forward two certified copies of indictment or information if any.

☐ Enclosed is a certified copy of waiver of indictment by defendant. Kindly file criminal information and forward two certified copies thereof.

☒ Enclosed is Consent to Transfer form executed in duplicate (one copy for your files) by defendant and the United States Attorney in the district of arrest. Kindly add your consent and have the Clerk of your district transmit the papers in the proceeding or certified copies thereof to the Clerk of the Court in this district in accordance with the Rule Docket No.

☐ Other (Specify):

☐ The above-named defendant entered a plea of guilty under Rule 20.

Date of Plea          Date of Sentence          Sentence

| From (Signature and Title)<br>Christopher J. Christie<br>U.S. Attorney, D. NJ by Sad Feld | Address 970 Broad Street<br>Newark, NJ 07102 |
|---|---|

**Part B -- District of Offense**

☒ I am agreeable to Rule 20 disposition.

☐ I am not agreeable to Rule 20 disposition. Defendant's appearance is desired at
on          at          o'clock

*(Kindly notify me of any anticipated delay)*
☐ Enclosed are two certified copies of indictment or information          Docket No. _____

☐ Please have defendant execute waiver of indictment.

☐ Other (Specify):

| Signature (Name and Title)<br>Michael J. Garcia by Sad Feld<br>U.S. Attorney, SDNY | District<br>SDNY | Date<br>5/12/08 |
|---|---|---|

See United States Attorneys Manual 9-14.000 for an explaination of procedures under Rules 7 & 20, Federal Rules of Criminal Procedure.
**Replaces OBD-101, Fed. 83 edition may be used**

FORM USA-231
NOV. 85

# U.S. District Court
## District of New Jersey [LIVE] (Newark)
## CRIMINAL DOCKET FOR CASE #: 2:07-cr-00611-DMC-1

Case title: USA v. WONG et al

Date Filed: 07/23/2007
Date Terminated: 05/28/2008

Assigned to: Judge Dennis M. Cavanaugh

**Defendant (1)**

**PHIL WONG**
*TERMINATED: 05/28/2008*

represented by **LISA MACK**
FEDERAL PUBLIC DEFENDER'S OFFICE
972 BROAD STREET
NEWARK, NJ 07102
(973) 645-6347
Email: lisa_mack@fd.org
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Public Defender or Community Defender Appointment*

**Pending Counts**

None

**Disposition**

**Highest Offense Level (Opening)**

None

| Terminated Counts | Disposition |
|---|---|
| 18:371 CONSPIRACY TO DEFRAUD THE UNITED STATES (dof 6/02 - 8/1/02) (1) | Rule 20 to the Southern District of New York |
| 15:78j(b) and 78ff, 17:240.10b-5, 18:2 MANIPULATIVE AND DECEPTIVE DEVICES (6/02 - 8/1/02) (2) | Rule 20 to the Southern District of New York |

**Highest Offense Level (Terminated)**

Felony

| Complaints | Disposition |
|---|---|
| None | |

**Plaintiff**

**USA**                    represented by **STEVEN D. FELDMAN**
US ATTORNEY'S OFFICE
970 BROAD STREET
NEWARK, NJ 07102
212-637-2484
Email:
steven.feldman@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE*
*NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| | | |

| | | |
|---|---|---|
| 07/23/2007 | 1 | SEALED INDICTMENT as to PHIL WONG (1) count(s) 1, 2, JERRY STEFANIUK (2) count(s) 1, 2. (jgb) (Entered: 07/24/2007) |
| 07/23/2007 | 2 | Order to Seal Case as to PHIL WONG, JERRY STEFANIUK. Signed by Judge Mark Falk on 7/23/07. (jgb) (Entered: 07/24/2007) |
| 07/23/2007 | | Notice of Allocation and Assignment as to PHIL WONG, JERRY STEFANIUK (Newark - Judge Dennis M. Cavanaugh) (jgb) (Entered: 07/24/2007) |
| 02/13/2008 | | Set Hearings as to PHIL WONG: Arraignment set for 2/28/2008 10:45 AM in Newark - Courtroom 4 before Judge Dennis M. Cavanaugh. (spc, ) (Entered: 02/13/2008) |
| 02/21/2008 | 5 | Rule 5 Documents Received as to PHIL WONG. (Attachments: #(1) Affidavit, #(2) Order Appointing Counsel (SDNY), #(3) Notice of Appearance (SDNY), #(4) Disposition Sheet (SDNY), #(5) Docket Sheet) (Financial Affidavit also received)(jgb) (Entered: 02/25/2008) |
| 02/21/2008 | | Arrest of PHIL WONG in SDNY. (spc, ) (Entered: 03/01/2008) |
| 02/28/2008 | 6 | Order to Unseal Indictment as to PHIL WONG, JERRY STEFANIUK.. Signed by Judge Dennis M. Cavanaugh on 28 February 2008. (spc, ) (Entered: 03/01/2008) |
| 02/28/2008 | 7 | Minute Entry for proceedings held before Judge Dennis M. Cavanaugh:Arraignment as to PHIL WONG (1) Count 1,2 held on 2/28/2008, Plea entered by PHIL WONG Not Guilty on counts 1 & 2. ORDERED motions due by 3/31/2008, Opposition due by 4/14/2008, Oral Argument set for 4/21/2008 & Trial Date set for 5/6/2008.) (Court Reporter Charles McGuire.) (spc, ) (Entered: 03/01/2008) |
| 02/28/2008 | 8 | ORDER for Discovery and Inspection as to PHIL WONG. Signed by Judge Dennis M. Cavanaugh on 2/28/2008. |

| | | |
|---|---|---|
| | | (spc, ) (Entered: 03/01/2008) |
| 04/11/2008 | 9 | ORDER TO CONTINUE - Ends of Justice as to PHIL WONG Time excluded from 5/6/08 until 7/7/08.. Signed by Judge Dennis M. Cavanaugh on 4/9/08. (jn, ) (Entered: 04/11/2008) |
| 05/28/2008 | 10 | CONSENT TO TRANSFER JURISDICTION (Rule 20) to UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK Counts closed as to PHIL WONG (1) Count 1,2. (Transmittal Letter sent to USDC-SDNY on 5/29/08)(jgb) (Additional attachment (s) added on 5/29/2008: # 1 Rule 20 - Transfer Notice) (jgb). (Entered: 05/29/2008) |

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 06/03/2008 13:47:28 | | | |
| **PACER Login:** | us5070 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 2:07-cr-00611-DMC Start date: 1/1/1970 End date: 6/3/2008 |
| **Billable Pages:** | 2 | **Cost:** | 0.16 |

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

UNITED STATES OF AMERICA    :    Hon.

        v.        :    Crim. No. 07-611 (DMC)

PHIL WONG and        :
JERRY STEFANIUK    :    <u>SEALING ORDER</u>

       This matter having come before the Court upon the
application of the United States of America (Steven Feldman,
Special Assistant U.S. Attorney, appearing), for an arrest
warrant, and its concurrent application that the Indictment filed
against the person named in the warrant be filed under seal, and
good cause having been shown,

       IT IS, on this  __23__  day of July, 2007,

       ORDERED that, except for such copies of the arrest
warrants as are necessary to accomplish their purpose, the
Indictment and all other documents filed in this matter be and
hereby are SEALED until the arrest warrants are executed or until
further order of the Court.

 

                              United States Magistrate Judge

# UNITED STATES DISTRICT COURT
## for the
## DISTRICT OF NEW JERSEY


UNITED STATES of AMERICA          :

                                     07cr611(DMC)

           Plaintiff(s)          :

                       :

        v.          :          **ORDER**

                       :

PHIL WONG and JERRY STEFANIUK          :

          Defendant(s)          :

                       :


        It appearing that the above captioned action was sealed pending the execution of the arrest warrants and defendant Wong having been arrested on 13 February and arraigned on 28 February 2008; and

        For good cause shown;

        It is on this 29th day of February 2008,

        ORDERED that the temporary seal shall be lifted against all pleadings, and all defendant's in this matter.


                                       DENNIS M. CAVANAUGH
                               DENNIS M. CAVANAUGH, U.S.D.J.

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
MINUTES OF PROCEEDINGS

NEWARK                                        DATE: 28 February 2008

JUDGE: Dennis M. Cavanaugh

COURT REPORTER: Charles McGuire

DEPUTY CLERK: Scott P. Creegan

OTHER: _____

Title of Case:                                Docket # 7cr611-1

U.S.A.  v.  Phil Wong

Appearances:

AUSA-      Steven Feldman
AFPD-      Lisa Mack, AFPD
Int-       none

Nature of proceedings:
ORDERED AFPD appointed
                              Arraignment:

Deft. waive's reading of Indictment
Deft. Requested AUSA place potential penalties on the record
Plea:    Not Guilty to ct. 1 & 2 of Indictment by deft.
ORDER for Discovery & Inspection fld.

Trial:          6 May      2008
Motions:       31 March    2008
Opposition:    14 April    2008
Argument:      21 April    2008

ORDERED deft. remanded.

Time commenced___11:45_____
Time Adjourned___12:00_____


cc: chambers                         ___Scott P. Creegan_____
                                        Deputy Clerk

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY


UNITED STATES OF AMERICA,            :

                    Plaintiff,   :
                                         Criminal No. <u>07cr611(DMC)</u>
          v.                     :
                                         **ORDER FOR DISCOVERY**
PHILLIP WONG                     :          **AND INSPECTION**

               Defendant(s)   :


     In order to eliminate unnecessary motions for discovery in
this case, to eliminate delays in the presentation of evidence
and the examination of witnesses, and to expedite the trial
pursuant to the provisions of the Speedy Trial Act of 1974,

     **IT IS ORDERED:**

     1. <u>Conference</u>.  Within ten (10) days from the date hereof
the attorneys representing the United States and the defendant
shall meet or confer to seek to resolve any discovery issues
prior to the filing of motions, and the United States shall
permit the defendant to inspect, and shall permit defendant to
photograph or copy, or shall furnish a photograph or copy of:


     (a) All statements of the defendant required to be
         produced under Rule 16(a)(1)(A),(B) or (C), Fed. R.
         Crim. P.

     (b) Defendant's prior criminal record as required by
         Rule 16(a)(1)(D), Fed. R. Crim. P.

     (c) All documents and tangible objects required to be
         produced under Rule 16(a)(1)(E), Fed. R. Crim. P.

     (d) All reports of examinations and tests required to be
         produced under Rule 16(a)(1)(F), Fed. R. Crim. P.

     (e) All summaries of expert witnesses' testimony,
         required to be produced under Rule 16(a)(1)(G), Fed.
         R. Crim. P. The summaries provided shall describe the
         witnesses' opinions, the bases and reasons therefor,
         and the witnesses' qualifications.

(f) Any material evidence favorable to the defense related to issues of guilt, lack of guilt or punishment which is known or that by the exercise of due diligence may become known to the attorney for the United States, within the purview of <u>Brady v. Maryland</u> and its progeny.

(g) If there is more than one defendant named in the indictment, and if the United States intends to introduce into evidence in its case-in-chief a confession made to law enforcement authorities by one defendant which names or makes mention of a co-defendant, then the United States must make a copy of that statement or confession available to counsel for the non-declarant defendant, along with a proposal for its redaction to conform with the requirements of <u>Bruton v. United States</u>. If the government makes no such disclosure and turnover within the time period allowed, the confession may not be received at a joint trial of the declarant and non-declarant defendants. If, within ten (10) days after receipt of the confession and its redacted version, counsel for the non-declarant defendant makes no objection to the redacted statement, the defendant will be deemed to have acceded to the receipt of the redacted statement into evidence.

(h) A defendant who receives discovery pursuant to this Order shall be deemed to have requested such disclosure for the purpose of triggering defendant's reciprocal discovery obligations under Rule 16(b), Fed. R. Crim. P.  The defendant shall have ten (10) days from its receipt of discovery from the United States to produce its reciprocal discovery.

(i) Any defendant intending to offer a defense of alibi or insanity or mental condition shall comply with the requirements of Rules 12.1 and 12.2, Fed. R. Crim. P.

    2. **Disclosure Declined.** If, in the judgment of the United States Attorney, in order to protect the identity of a confidential informant or undercover agent, to prevent interference with an ongoing investigation, to protect the integrity of the criminal proceeding, or to otherwise serve the interests of justice, any disclosure set forth in paragraph 1 hereof should not be made, disclosure may be declined, and defense counsel advised in writing of the declination within five (5) days of the conference.

A defendant who seeks to challenge the declination may move the Court for relief in the following manner:

(a) No later than ten (10) days from the time that the government declines, the defendant shall file a motion for discovery or inspection.

(b) The motion shall conform to the schedule set forth in paragraph 12 of this Order, unless otherwise ordered by the Court.

(c) The motion shall set forth: (1) the statement that the prescribed conference was held; (2) the date of the conference; (3) the name of the attorney for the United States with whom the conference was held; (4) the matters which were agreed upon; and (5) the matters which are in dispute and which require the determination of the Court.

(d) In responding to any such motion, the United States must show good cause for the declination of discovery, and in doing so may invoke the provisions of Fed. R. Crim. P. 16(d)(1).

3. **Rule 404(b) Evidence**. The United States shall provide notice to the defense of all evidence it intends to offer of other crimes, wrongs or acts within the meaning of Rule 404(b) of the Federal Rules of Evidence, not less than ten (10) calendar days prior to the date of trial, except that for good cause shown, the Court may excuse such pretrial notice.

4. **Jencks and Giglio Material**. The United States agrees to produce all statements within the meaning of the Jencks Act, 18 U.S.C. § 3500, and impeachment evidence within the meaning of Giglio v. United States, 405 U.S. 150 (1972), sufficiently in advance of the witness's testimony to avoid delay in the trial. Similarly, the defense shall produce "reverse Jencks" statements sufficiently in advance of the witness's testimony to avoid delay in the trial.

5. **Continuing Duty**. Any duty of disclosure and discovery set forth herein is a continuing one and the attorneys for all parties shall produce any additional discoverable information.

6. **Exhibits**. The United States shall pre-mark all exhibits that it intends to introduce as part of its case-in-chief and shall permit defense counsel to inspect and copy such exhibits thirty (30) days prior to trial. A set of such pre-marked exhibits with an exhibit list shall be given to the trial judge's deputy clerk no later than the first day of trial. The defendant's exhibits shall also be pre-marked and, unless otherwise ordered by the Court upon the defendant's application, shall be disclosed to the United States within seven (7) days after the United States' disclosure. Defense counsel, in an appropriate case, may apply to the Court for an order requiring the United States to pre-mark exhibits more than thirty (30) days in advance of trial. The United States and the defense shall also pre-mark all Jencks Act materials and "reverse Jencks" pursuant to Rule 26.2, Fed. R. Crim. P., so that no trial delay is encountered.

7. **Authenticity of Exhibits**. The authenticity of all exhibits disclosed to and examined by counsel pursuant to the provisions of paragraph 6 of this Order shall be deemed to have been accepted by either the defendant or the United States unless counsel files with the Court, fourteen (14) days prior to the date of trial, a notice that the authenticity of one or more exhibits will be contested at trial, together with a statement delineating why the authenticity of the exhibit is being challenged together with a certification that the challenge to authenticity is being made in good faith.

8. **Chain of Possession**. When counsel has examined an exhibit disclosed prior to trial pursuant to the provisions of paragraph 6 of this Order, the chain of possession of the exhibit will be deemed to have been accepted by either the defendant or the United States unless counsel files with the Court fourteen (14) days prior to the date of trial, a notice that the chain of possession of the exhibit will be contested at trial together with a statement delineating that the chain of possession of the exhibit is being challenged and a certification that the challenge to the chain of possession is being made in good faith.

9. **Scientific Analysis**. When any party has disclosed the scientific analysis of an exhibit proposed to be introduced at trial by that party, which analysis has been determined by an expert in the field of science involved, then the scientific analysis of the exhibit will be deemed admitted unless counsel for a party receiving the disclosure files with the Court, fourteen (14) days prior to trial, a notice that the scientific analysis of the exhibit will be contested.

10. **Other Motions by Defendant**. Motions regarding defenses or objections permitted pursuant to Rules 12 and 41(g), Fed. R. Crim. P., including, <u>inter alia</u>, motions for suppression of evidence, shall be made within thirty (30) days from the date hereof unless good cause for delay is shown.

11.  **Translations**.  In the event that the United States
intends to utilize translations of any conversations, copies or
transcripts of such translations shall be produced for defense
counsel no later than thirty (30) days prior to the date of
trial.  The correctness of any such translation or transcript
will be deemed admitted, unless defense counsel serves and files
with the Court, fourteen (14) days prior to the date of trial, a
notice that counsel objects to the translation or transcript,
specifying the portions thereof to which objection is made and
counsel's contentions as to the correct translation.

12.  **Motions.**  In multi defendant cases, each defendant
shall file his/her own motions.  A letter asking the court to
join in co-defendants motions will not be addressed.  All
pretrial motions not otherwise specifically provided for in this
or other Orders of the Court in this case will be deemed waived
unless they are filed and served not later than:

| | | |
|---|---|---|
| Motions due: | 31 March | 2008 |
| Opposition due: | 14 April | 2008 |
| Motions hearing date: | 21 April | 2008 |
| **Trial date:** | 6 May | 2008 |

13.  **Instructions and Voir Dire.**  Counsel shall furnish to
the Court, five (5) days prior to the date of trial, an agreed
upon statement summarizing the case, requests to charge and
proposed voir dire questions.


                              DENNIS M. CAVANAUGH
                         UNITED STATES DISTRICT JUDGE


Dated: 28 February 2008



DNJ Order for Discovery Inspection-4/03

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

UNITED STATES OF AMERICA    :    Hon. Dennis M. Cavanaugh
                             Crim. No. 07-611
        v.            :
                             CONTINUANCE ORDER
PHILIP WONG                :

        This matter having come before the Court on the joint
application of Christopher J. Christie, United States Attorney
for the District of New Jersey (by Steven D. Feldman, Special
Assistant U.S. Attorney), and defendant Philip Wong (by Lisa M.
Mack, Esq.) for an order granting a continuance of the
proceedings in the above-captioned matter, and the defendant
being aware that he has the right to have the matter brought to
trial within 70 days of the date of his appearance before a
judicial officer of this court pursuant to Title 18 of the United
States Code, Section 3161(c)(1), and as the defendant has
consented to such a continuance, and for good and sufficient
cause shown,

        IT IS THE FINDING OF THIS COURT that this action should
be continued for the following reasons:

        1. Plea negotiations are currently in progress, and
both the United States and the defendant desire additional time

to finalize a plea agreement, which would render trial of this matter unnecessary;

2.   Defendant has consented to the aforementioned continuance; and

3.   Pursuant to Title 18 of the United States Code, Section 3161(h)(8), the ends of justice served by granting the continuance outweigh the best interests of the public and the defendant in a speedy trial.

WHEREFORE, on this _____9_____ day of April, 2008,

IT IS ORDERED that the period from May 6, 2008, through July 7, 2008 shall be excludable in computing time under the Speedy Trial Act of 1974, pursuant to Title 18, United States Code, Section 3161(h)(8).

_____
HON. DENNIS M. CAVANAUGH
United States District Judge

**U.S. Department of Justice**                                                                      Rule 20 -- Transfer Notice

| To:  *U.S. District Court* | District  *S.D. N.Y.* | Date  *05/12/2008* |
|---|---|---|
| Name of Subject:  *Philip Wong* | Statute Violated  *15 USC §§ 78j(b) + 78ff* | File Data *(Initials and Number)*  *07 Cr. 611 (DMC)* |

**08 CRIM 502**

### Part A -- District of Arrest

[X] The above-named subject has been apprehended in the district and consents to Rule 20 disposition of the changes pending against him in your court. Kindly indicate whether you are agreeable to Rule 20 disposition and forward two certified copies of indictment or information if any.

[ ] Enclosed is a certified copy of waiver of indictment by defendant. Kindly file criminal information and forward two certified copies thereof.

[X] Enclosed is Consent to Transfer form executed in duplicate (one copy for your files) by defendant and the United States Attorney in the district of arrest. Kindly add your consent and have the Clerk of your district transmit the papers in the proceeding or certified copies thereof to the Clerk of the Court in this district in accordance with the Rule Docket No.

[ ] Other *(Specify)*:

*ACE CASTEL*

[ ] The above-named defendant entered a plea of guilty under Rule 20.

**Date of Plea          Date of Sentence          Sentence**

| From *(Signature and Title)*  *Christopher J. Christie U.S. Attorney, D. NJ by Sta. Feld* | Address  *970 Broad Street Newark, NJ 07102* |
|---|---|

### Part B -- District of Offense

*ELECTRONICALLY FILED    JUN 04 2008*

[X] I am agreeable to Rule 20 disposition.

[ ] I am not agreeable to Rule 20 disposition. Defendant's appearance is desired at _____ on _____ at _____ o'clock

*(Kindly notify me of any anticipated delay)*

[ ] Enclosed are two certified copies of indictment or information

Docket No. _____

[ ] Please have defendant execute waiver of indictment.

[ ] Other *(Specify)*:

| Signature *(Name and Title)*  *Michael J. Garcia by Sta. Feld U.S. Attorney, SDNY* | District  *SDNY* | Date  *5/12/08* |
|---|---|---|

See United States Attorneys Manual 9-14.000 for an explaination of procedures under Rules 7 & 20, Federal Rules of Criminal Procedure.
**Replaces OBD-101, Fed. 83 edition may be used**

FORM USA-231
NOV. 85